UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KATHRYN A. ROSSI,

        Plaintiff,

   v.

MARY ASKLAND, individually and as the TRUSTEE of the MARY AKSLAND SEPARATE PROPERTY TRUST dated MAY 19, 1995, the COUNTY of SAN JOAQUIN, the SOUTH SAN JOAQUIN IRRIGATION DISTRICT, the LATHROP COUNTY WATER DISTRICT and AT&T, INC.

        Defendants.

2:06-CV-02287-MCE-GGH

MEMORANDUM AND ORDER

----oo0oo----

Plaintiff Kathryn Rossi ("Plaintiff") brings this action against Defendant Mary Askland, individually and as the trustee of the Mary Askland Separate Property Trust dated May 19, 1995, the County of San Joaquin, the South San Joaquin Irrigation District, the Lathrop County Water District and AT&T, Inc.

///

///

///

Plaintiff is seeking the partition of certain real property pursuant to California Code of Civil Procedure § 872.010 *et seq*.[1] Defendants County of San Joaquin, South San Joaquin Irrigation District, Lathrop County Water District and AT&T, Inc., (collectively "Defendants") are entities that have easements or liens on the property that is the subject of this action.

On October 17, 2006, Plaintiff filed a Complaint in this matter alleging the foregoing causes of action. The Complaint has been answered and the Pretrial Scheduling Order has been issued. Presently before the Court is Plaintiff's counsel's Motion to Withdraw pursuant to the Eastern District's Local Rule 83-182(d) and the California Professional Rules of Conduct Rule 3-700. For the reasons set forth below, the Motion to Withdraw is granted.

Plaintiff's counsel, Hopkins and Carley, a law corporation, have represented Plaintiff since the inception of this litigation. Attorney Ellen McKissock's declaration and moving papers indicate that Ms. Rossi has failed to timely tender payment in accord with the Parties' representation agreement and has failed to sign the substitution of counsel form provided her thereby necessitating this Motion. According to Ms. McKissock, there has been an irreconcilable breakdown in the attorney client relationship.

///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1   This motion is governed by the requirements of Local Rule
2  83-182(d), which provides that an attorney may not withdraw,
3  leaving the client *in propria persona*, absent noticed Motion and
4  an affidavit from counsel showing the efforts made to provide
5  notification of the attorney's intent to withdraw.  Hopkins and
6  Carley have clearly followed these procedural requirements.  In
7  addition, on a substantive basis, Rule 83-182(b) specifies that
8  withdrawal by an attorney is governed by the Rules of
9  Professional Conduct of the State Bar of California.  Rule 3-
10 700(C)(1)(d) provides that counsel may withdraw where the client
11 "renders it unreasonably difficult for the member to carry out
12 the employment effectively."  Here, given Plaintiff's failure to
13 communicate with her counsel, failure to tender timely payment
14 for services rendered and failure to oppose the present Motion,
15 the Court finds Plaintiff's conduct meets the foregoing standard.
16
17                          **CONCLUSION**
18
19     As explained above, Hopkins and Carley's Motion to Withdraw
20 as Plaintiff's Attorneys of Record is GRANTED.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  Said firm is to provide defendants notice of the Court's order
2  granting the motion to withdraw within ten (10) days from the
3  date of this order. A declaration stating the date and method of
4  such notification is to be filed with the court not later than
5  thirty (30) days from the date of this order.
6       IT IS SO ORDERED.
7
  Dated: May 23, 2007
8
9                              _____
10                             MORRISON C. ENGLAND, JR.
                               UNITED STATES DISTRICT JUDGE