UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KATHRYN ROSSI,                              No. 2:06-cv-02287-MCE-GGH

      Plaintiff,

  v.                                        ORDER

MARY AKSLAND, individually
and as the Trustee of the
Mary Aksland Separate Property
Trust dated May 19, 1995;
COUNTY OF SAN JOAQUIN,
SOUTH SAN JOAQUIN IRRIGATION
DISTRICT; LATHROP COUNTY
WATER DISTRICT and AT&T, INC.,

      Defendants.

----oo0oo----

    This lawsuit seeks partition of real property located in San Joaquin County commonly known as the "Swanson Ranch" which is jointly owned by Plaintiff Kathryn Rossi and Defendant Mary Aksland. Jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332.

    Presently before the Court is Defendant Aksland's Motion to Dismiss Plaintiff's Complaint because of three purported pleading defects.

1

Although the Motion is silent with respect to the basis upon which dismissal is sought, the nature of the defects asserted points to a Federal Rule of Civil Procedure 12(b)(6) motion for failure to state a claim upon which relief can be granted.  As set forth below, while Plaintiff has failed to file any opposition to Defendant's Motion, the Court finds that the Motion is legally ill-founded and cannot be granted.

Defendant initially requests that the Court dismiss the Complaint on grounds that Plaintiff has failed to record a Notice of Action Pending (lis pendens) in San Joaquin County, where the property at issue is located, pursuant to California Code of Civil Procedure § 872.250.  While that statute does indeed require that a lis pendens be so filed, subdivision (c) goes on to make it clear that dismissal is not the appropriate remedy if no such filing has occurred:

> (c) **If the notice [of lis pendens] is not recorded, the court**, upon its own motion or upon the motion of any party at any time, shall order the plaintiff or person seeking partition of the property, or another party on behalf of the plaintiff or other person, to record the notice and **shall stay the action until the notice is recorded.**  The expense of recordation shall be allowed to the party incurring it.

(Emphasis added).  Accordingly, while a stay is mandated, Defendant's request for an outright dismissal is ill-taken.

Defendant's second contention fares no better than the first.  Defendant claims that the Complaint fails to provide a legal description of the property at issue in accordance with the provisions of California Code of Civil Procedure § 872.230. Contrary to Defendant's assertion, paragraph 2 of the Complaint provides the following legal description of the Swanson Ranch:

2

>   "Lots eight (8) and nine (9) as shown upon map entitled
>   Creamland Tract, No. 3, filed for record January 2,
>   1913, in Volume 6 of Maps and Plats, page 53, San
>   Joaquin County Records."

(Complaint, ¶2, 2:10-12).

Finally, Defendant offers no authority whatsoever for her contention that the Complaint be dismissed because fictitious defendants who may have some claim or interest in the property have not been included. In the event any such individuals and/or entities are identified, the Complaint can simply be amended.

In sum, and based on the foregoing, Defendant's Motion to Dismiss is hereby DENIED.[1] The action is stayed, however, pending Plaintiff's filing of the proper lis pendens in San Joaquin County pursuant to California Code of Civil Procedure § 872.250. Said lis pendens must be filed not later than thirty (30) days after the date of this order. Once the lis pendens has been filed, Plaintiff shall file a notice of same in this Court within twenty (20) days and a request that the stay be accordingly lifted.

IT IS SO ORDERED.

Dated: December 11, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not be of material assistance, this matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).